UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRENDA CARRICO, ) | Case No.: 5:09 CV 2083 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant ) | ORDER |

The Commissioner of Social Security (the "Commissioner") denied disability benefits to the claimant, Brenda Carrico ("Carrico") in the above-captioned case. Taylor sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge James R. Knepp II for preparation of a report and recommendation. Both parties submitted briefs on the merits. Carrico sought an order reversing the Administrative Law Judge's ("ALJ") decision and in the alternative remanding the case, and the Commissioner sought final judgment upholding the decision below. Specifically, Plaintiff argued that, though the ALJ correctly found that Plaintiff was disabled beginning on April 1, 2008, his finding that Plaintiff was not disabled prior to April 1, 2008 is not supported by the evidence. (Pl.'s Br. on the Merits, ECF No. 13.)

The Magistrate Judge submitted his Report and Recommendation on January 21, 2011, recommending that the Commissioner's decision be affirmed (ECF No. 15). First, he found that the ALJ's finding that Plaintiff had the residual functional capacity prior to April 2008 to perform light work was supported by substantial evidence. Second, he found that Plaintiff did not meet her burden

to show that she has an impairment described in Listing 12.05C, which defines mental retardation. Third, he found the fact that the ALJ did not explicitly address Listing 12.05C was not an error because Plaintiff never raised mental retardation as the basis for her disability claim. Magistrate Judge Knepp went on to explain that the ALJ discussed the evidence involving Plaintiff's mental capacity and that Plaintiff failed to submit evidence to satisfy Listing § 12.05's requirement that a plaintiff have "deficits in adaptive functioning." Fourth, he found that Defendant did not fail to adequately develop the record.

Plaintiff filed objections to the Report and Recommendation on February 4, 2011. Plaintiff stated that, "[w]hile Plaintiff generally disagrees with the Magistrate Judge's conclusion regarding the ALJ's residual functional capacity . . . finding, Plaintiff specifically objects to the Magistrate Judge's conclusion regarding the ALJ's failure to analyze Plaintiff's claim under Listing 12.05C, as follows." (Pl.'s Objections, ECF No. 16, at p. 1.)

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 15.)

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 16, 2011